# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00871 COA

PERCY MAYS, JR. A/K/A "PETE" A/K/A "PEDRO" A/K/A PERCY LEE MAYS, JR.

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ANDREW CLEVELAND BAKER

COURT FROM WHICH APPEALED: TATE COUNTY CIRCUIT COURT

FOR APPELLANT:

DAVID L. WALKER

PANOLA COUNTY PUBLIC DEFENDER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: W. GLENN WATTS

DISTRICT ATTORNEY: ROBERT L. WILLIAMS

NATURE OF THE CASE: SALE OF A CONTROLLED SUBSTANCE

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED TO SERVE 14 YRS WITH LAST 6 YRS SUSPENDED


BEFORE FRAISER, C.J., DIAZ, AND KING, JJ.

PER CURIAM:


Mays was convicted in the Circuit Court of Tate County for the sale of crack cocaine. At trial, Mays admitted to selling the crack cocaine, but alleged that he was entrapped by Houston, a confidential informant employed by the Panola-Tate County Drug Task Force. Because Mays admits to selling crack cocaine to an agent of the Panola-Tate County Drug Task Force, the only issue necessitating resolution on appeal is whether the jury's verdict should be disturbed because Mays was entrapped.

Most cases addressing the defense of entrapment deal with the question of whether the jury should have been instructed on entrapment. *Bush v. State,* 585 So. 2d 1262, 1264 (Miss. 1991). In the instant case, the court permitted the jury to be instructed on the defense of entrapment. If the jury is instructed on entrapment, and the jury resolves the point against the defendant, "he is generally out of luck on appeal." *Bush,* 585 So. 2d at 1264 (citing *Moore v. State,* 534 So. 2d 557, 559 (Miss. 1988)).

At trial, Mays testified that he sold the cocaine because Houston begged him to do so; however, the transcript of the recorded sale does not suggest that Houston begged Mays to sell the cocaine. The jury rejected Mays' defense of entrapment and chose to believe that Mays was predisposed to commit the crime. Based on the transcript of the recorded sale, we have no basis for disturbing the jury's conclusion. Therefore, we affirm the conviction and sentence.

**THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FOURTEEN YEARS, WITH SIX YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTION IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE DEFENDANT, MAYS.**


**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**